IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE SUMMY, # R-47788, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-816-JPG |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a three-year sentence for theft.  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his rights which he claims have occurred during his confinement at Vienna.  He also invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1).

Plaintiff states that he was sent to Vienna on June 11, 2013, and has been housed in Building 19 since that time (Doc. 1, p. 5).  He was initially placed on the second floor, and was moved to the third floor on July 1, 2013.  Other than these dates, the first paragraph of his statement of claim consists of nothing but legalese and nonsensical statements, such as "Verosity [sic], perpensity, Mental Anguish, Torque Claim, Criminal Malfeasance with harmfull Intent . . . ." *Id*.  This gibberish is identical to statements found in a number of other Vienna prisoner complaints filed recently in this Court, and does nothing to advance his claims.

However, Plaintiff goes on to allege that Building 19 provides only two toilets for 100 inmates on the second floor, has overhead pipes in the ceiling above the toilets that drip water on

his head, and lacks ventilation in the restrooms. Furthermore, there is black mold as well as overhead pipes containing asbestos in both the restrooms and living quarters. The housing area is infested with bugs and spiders which crawl on Plaintiff and bite him at night. Mice and rats run around him, and eat his food and tear up his clothes. These portions of Plaintiff's claim shall be designated as **Count 1**.

Plaintiff also complains that the third shift guards sleep outside the dorm at night while inmates are locked in. This claim shall be designated as **Count 2**. Finally, he states that rival gang members are housed together, and that mental health patients are mixed with the regular inmate population. These allegations shall be designated as **Count 3**.

Plaintiff asserts that these conditions put his health and safety at risk. He wrote a grievance complaining about the conditions in Building 19 to Defendant Warden Davis, but got no response (Doc. 1, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that **Count 1** of the complaint articulates a colorable Eighth Amendment claim against Defendant Davis for housing Plaintiff in unsanitary conditions which place his health at risk.

However, Plaintiff's remaining allegations fail to state a claim upon which relief may be granted. Those claims **(Counts 2-3)**, as well as the FTCA claim **(Count 4)** shall be dismissed for the following reasons.

**Dismissal of Count 2**

Plaintiff does not claim to have been harmed in any way by the habit of the night-shift guards to sleep outside his housing unit, nor does he explain how this practice may present a risk to his safety.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Plaintiff's brief statement regarding the sleeping guards does not indicate any violation of a constitutional right.  Count 2 shall be dismissed without prejudice.

**Dismissal of Count 3**

Again, Plaintiff does not indicate that he has suffered any injury due to the Defendant's policy of housing rival gang members together, or of mixing mental health patients with other inmates.  These practices do not violate the Constitution in and of themselves.  While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), not all instances of inmate-on-inmate violence raise constitutional concerns.  Plaintiff does not say that he has been attacked, nor does he claim

that he was the target of any specific threat or that he requested protection from any prison official.  This claim shall also be dismissed without prejudice.

**Dismissal of Count 4**

The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.  The only named Defendant herein, Vienna Warden Randy Davis, is a state official.  The same would be true of any other Vienna employee.  Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.  Count 4 shall be dismissed with prejudice.

**Disposition**

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **DAVIS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 7), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 30, 2013**

s/J. Phil Gilbert
**United States District Judge**
