UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYLE SUMMY,

    Plaintiff,

  v.

RANDY DAVIS,

    Defendant.

Case No. 13-cv-816-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Randy Davis' motion to dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 13). Plaintiff Kyle Summy has not responded to the motion.

Davis asks the Court to dismiss this case on the grounds that Summy, who used to be an inmate at Vienna Correctional Center but who was released from prison in September 2014, has failed to prosecute this case in a number of ways:

- He failed to attend his November 2014 deposition after being sent notice at his last address on record in the Court file and at the most recent address recorded by the Illinois Department of Corrections ("IDOC"). He did not contact Davis' counsel ahead of time to object to the deposition arrangements or afterward to explain his absence.

- He failed to keep the Court apprized of his address when he was released from IDOC, failed to obey a Court order to file a notice of change of address within 14 days (Doc. 12), and failed to inform the Court of a subsequent address change.

The Court has discretion to dismiss a suit for lack of prosecution. *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). However, it should not do so immediately after the first problem occurs and without exploring other potentially effective options. *Id.* The plaintiff

should also have warning that the Court is considering dismissal.  *Id.*

The Court finds it appropriate to construe Summy's failure to respond to Davis' motion to dismiss as an admission of the merits of the motion pursuant to Local Rule 7.1(c).  Summy has failed to attend his deposition and to follow Court rules regarding address changes once he was released from prison.  By failing to file a response to Davis' motion, Summy has also foregone the opportunity to explain his failures and reassert his desire to pursue this litigation.  The Court further finds no other course of action appropriate in light its inability to communicate with Summy due to his failure to keep the Court apprized of his mailing address.  In light of Summy's clear pattern of failing to prosecute this case and of the lack of an effective alternate remedy, the Court **GRANTS** the motion (Doc. 13), **DISMISSES** this case **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 16, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**